```
 1                   UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                        HOUSTON DIVISION

 3   UNITED STATES OF AMERICA        .  CR. NO. H-10-765-1
                                     .  HOUSTON, TEXAS
 4   VS.                             .
                                     .  DECEMBER 7, 2010
 5   PANALPINA, INC.                 .  10:05 A.M. to 10:39 A.M.

 6

 7              TRANSCRIPT of REARRAIGNMENT/SENTENCING
             BEFORE THE HONORABLE VANESSA D. GILMORE
 8                 UNITED STATES DISTRICT JUDGE

 9

10   APPEARANCES:

11   FOR THE GOVERNMENT:            MS. STACEY K. LUCK
                                    U.S. Department of Justice
12                                  Criminal Division
                                    Fraud Section
13                                  1400 New York Avenue, NW
                                    Room 4408
14                                  Washington, DC  20005

15                                  MR. ADAM G. SAFWAT
                                    U.S. Department of Justice
16                                  950 Constitution Avenue, NW
                                    Washington, DC  20530

17

18   FOR THE DEFENDANT:            MR. RICHARD N. DEAN
                                    Baker & McKenzie LLP
19                                  815 Connecticut Avenue, NW
                                    Washington, DC  20006
20
                                    MR. DOUGLAS M. TWEEN
21                                  Baker & McKenzie LLP
                                    1114 6th Avenue
22                                  New York, New York 10036

23
     ALSO PRESENT:                 MR. ROBERT ERNEST
24                                  MR. STEPHAN GUSSMANN

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
```

1                        <u>APPEARANCES CONTINUED</u>

2

OFFICIAL COURT REPORTER:              MS. KATHY L. METZGER
3                                     U.S. Courthouse
                                      515 Rusk
4                                     Room 8004
                                      Houston, Texas   77002
5                                     713-250-5208

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                          P R O C E E D I N G S
 2              THE COURT:  Good morning, everybody.  Please be
 3  seated.
 4                   All right.  United States of America versus
 5  Panalpina, Inc.  For the United States, please?
 6              MS. LUCK:  Yes, good morning, Your Honor.  Stacey Luck
 7  and Adam Safwat for the Department of Justice.
 8              MR. SAFWAT:  Good morning, Your Honor.
 9              THE COURT:  Good morning.
10                   And for the defendant Panalpina, Inc., please?
11              MR. TWEEN:  Good morning, Your Honor.  Douglas Tween
12  and Richard Dean of Baker and McKenzie.
13              THE COURT:  All right.
14              MR. TWEEN:  And with us at counsel table are Robert
15  Ernest --
16              THE COURT:  Mr. Robert Ernest, who is?
17              MR. TWEEN:  General counsel of Panalpina, Inc.
18              THE COURT:  Okay.
19              MR. TWEEN:  And, also, Mr. Stephan Gussmann, who is
20  director of government affairs for Panalpina World Transport
21  Holding, Limited, the parent company of Panalpina, Inc.
22              THE COURT:  All right.  So, Mr. Ernest will be here
23  representing Panalpina, Inc., as the corporate representative
24  for purposes of this morning's proceedings; is that correct,
25  Mr. Tween?
```

1          MR. TWEEN:  It is, Your Honor.

2          THE COURT:  All right.  Then come on up, please,

3   lawyers and Mr. Ernest.

4               Would you state your name for the record, please,

5   sir.

6          MR. ERNEST:  Robert Ernest.

7          THE COURT:  And do I understand that you wish to enter

8   a plea of guilty, sir, on behalf of Panalpina, Inc., as their

9   corporate -- what is your title, your full title?  Corporate --

10         MR. ERNEST:  Corporate secretary and --

11         THE COURT:  And general counsel?

12         MR. ERNEST:  Yes.

13         THE COURT:  As corporate secretary and general

14   counsel, is that correct?

15         MR. ERNEST:  That is correct, Your Honor.

16         THE COURT:  All right.  I need to ask you some

17   questions.  Before doing so, sir, I need you to be sworn.

18      (Robert J. Ernest sworn)

19         THE COURT:  All right.  State your full name, please.

20         MR. ERNEST:  Robert J. Ernest.

21         THE COURT:  State your title, please.

22         MR. ERNEST:  Corporate secretary and general counsel

23   for Panalpina, Inc.

24         THE COURT:  And you are here this morning, I

25   understand, to enter a plea of guilty for Panalpina, Inc., with

1  respect to the charges pending against them in this court; is

2  that correct, sir?

3          *MR. ERNEST:*  That is correct.

4          *THE COURT:*  Do you have authority from Panalpina,

5  Inc.'s corporate offices to enter this plea?

6          *MR. ERNEST:*  Yes.

7          *THE COURT:*  And what is the -- in what form has that

8  authority taken?

9          *MR. ERNEST:*  Corporate resolution, Your Honor.

10         *THE COURT:*  All right.  And when was that corporate

11 resolution done, if you know?

12         *MR. ERNEST:*  October 25th, I believe.  I'm sorry.

13 September 10th, 2010.

14         *THE COURT:*  All right.  Great.  All right.  Then,

15 Mr. Ernest, have you received a copy of the information that is

16 pending against Panalpina, Inc., in this matter?

17         *MR. ERNEST:*  Yes, Your Honor.

18         *THE COURT:*  And have you and the members of the board

19 of Panalpina, Inc., had an opportunity to fully review and

20 discuss those charges with your counsel, Mr. Tween and

21 Mr. Dean?

22         *MR. ERNEST:*  Yes, Your Honor.

23         *THE COURT:*  And are you on behalf of Panalpina, Inc.,

24 satisfied with the counsel and representation that your lawyers

25 have provided to you in this matter?

1           MR. ERNEST:  Yes.

2           THE COURT:  Do you need any additional time today to

3      speak with your lawyers or talk with your lawyers before you

4      enter a plea of guilty on behalf of Panalpina, Inc.?

5           MR. ERNEST:  No, Your Honor.

6           THE COURT:  All right.  Mr. Tween, have you had

7      sufficient time to investigate the law and the facts concerning

8      the case against your client Panalpina, Inc.?

9           MR. TWEEN:  I have, Your Honor.

10          THE COURT:  And do you believe that Panalpina, Inc.,

11     understands the nature of the charges pending against them?

12          MR. TWEEN:  I do.

13          THE COURT:  Has Panalpina, Inc., been able to

14     cooperate with you in every respect with regard to the charges

15     pending against them?

16          MR. TWEEN:  Yes, it has.

17          THE COURT:  And you are satisfied that the corporate

18     resolution to enter a plea of guilty in this case is proper and

19     is sufficient?

20          MR. TWEEN:  I am.

21          THE COURT:  And that Mr. Robert Ernest has authority

22     to enter a plea on behalf of Panalpina, Inc.?

23          MR. TWEEN:  Yes.

24          THE COURT:  All right.  Mr. Gussmann, you can have a

25     seat, if you would like, sir.  I'm so sorry.

1              Do you know of any reason that Panalpina, Inc.,

2    should not plead guilty to the charges pending against them?

3              *MR. TWEEN:*  I do not.

4              *THE COURT:*  Do you know of any meritorious defenses

5    that they would have to the counts to which they have indicated

6    they wish to plead guilty?

7              *MR. TWEEN:*  I do not.

8              *THE COURT:*  All right.  Ms. Luck, is there a plea

9    agreement in this case?

10             *MS. LUCK:*  Yes, there is, Your Honor.

11             *THE COURT:*  And would you state what section of Rule

12   11 it's filed pursuant to.

13             *MS. LUCK:*  11(c)(1)(C), Your Honor.

14             *THE COURT:*  Would you state for the record the terms

15   of the plea agreement.

16             *MS. LUCK:*  Your Honor, in short, the terms of the plea

17   agreement include the defendant pleading guilty, agreeing to,

18   of course, appear before the Court, abide by any terms that the

19   Court may impose.  It also includes an agreement to pay a

20   criminal penalty of $70,560,000, assuming the Court accepts

21   that penalty amount.  It also requires that the company be on a

22   term of supervise -- or probation, whether that be supervised

23   or unsupervised is up to the Court of course, for a period of

24   three years.  During that period of three years the company is

25   required to provide a written annual report and provide

1   periodic reporting to the Department regarding their compliance

2   measures as further described in Attachments C and D to the

3   plea agreement.  It also includes the tax assessment of $400

4   per count to be paid to the clerk of the court.

5          THE COURT:  Okay.  Don't you think that the Justice

6   Department will be providing sufficient supervision with

7   respect to the issues that the defendant has agreed to over the

8   course of the next three years such that supervised

9   provision -- supervised probation would probably be

10  unnecessary?

11         MS. LUCK:  Absolutely, Your Honor.

12         THE COURT:  Okay.  All right.  I just wanted to make

13  sure.  I figured as much --

14         MS. LUCK:  Yes.

15         THE COURT:  -- but it seems like a waste of resources

16  is why I'm asking.

17         MS. LUCK:  Agreed.

18         THE COURT:  All right.  Mr. Ernest, are those the

19  terms of Panalpina, Inc.'s agreement with the United States as

20  you understand them?

21         MR. ERNEST:  Yes, Your Honor.

22         THE COURT:  Has anybody made any different promise or

23  assurance to your company to induce them to enter into this

24  plea of guilty?

25         MR. ERNEST:  No.

1      **THE COURT:**  Do you believe that Panalpina, Inc., was

2  forced to plead guilty in this case?

3      **MR. ERNEST:**  No.

4      **THE COURT:**  Do you understand that as this is a plea

5  that is being proposed under 11(c)(1)(C), that if I choose not

6  to follow the terms of the plea agreement, that I will give you

7  and opportunity to withdraw the plea of guilty and if you

8  choose not to withdraw the plea, that I may impose a more

9  severe sentence without being bound by the plea agreement?

10     **MR. ERNEST:**  I understand that, yes.

11     **THE COURT:**  Okay.  The maximum possible penalty

12 provided by law for the crimes to which Panalpina, Inc., has

13 indicated they wish to plead guilty are as follows:  Under

14 Count 1, conspiracy, a maximum fine of $500,000 or twice the

15 pecuniary gain to the defendant or loss to the victims and a

16 probation term of up to five years.

17          And under Count 2, aiding and abetting the

18 creation of false books and records, a maximum fine of

19 $25 million or twice any pecuniary gain to the defendant or

20 loss to the victims and a maximum term of probation of five

21 years.  Do you understand, sir?

22     **MR. ERNEST:**  Yes, Your Honor.

23     **THE COURT:**  Do you also understand that for each

24 offense you must pay a special assessment of $400 for each

25 count of the indictment in this case?  That would be $800 for

1   the two counts of conviction.

2          *MR. ERNEST:*  Yes, Your Honor.

3          *THE COURT:*  All right.  I have one question.

4          *(Judge conferring with probation officer at the bench, off*

5   *the record)*

6          *THE COURT:*  The Sentencing Commission has developed

7   advisory guidelines for judges to assist us in determining the

8   appropriate sentence in criminal cases.  Have you had an

9   opportunity to speak with your lawyers about how the sentencing

10  guidelines would be calculated in this particular case?

11         *MR. ERNEST:*  Yes, Your Honor.

12         *THE COURT:*  Ordinarily the Court would have a

13  presentence investigation report prepared by the probation

14  department.  In this particular instance the parties, both the

15  United States and the defendants, have filed an agreed motion

16  to waive the presentence investigation report; is that correct?

17         *MR. ERNEST:*  That is correct.

18         *THE COURT:*  And in that agreed motion to waive the

19  presentence investigation report, the parties have calculated

20  what they believe the appropriate offense level and the

21  appropriate culpability score is for purposes of determining

22  what the fine would be; is that correct?

23         *MR. ERNEST:*  That is correct, Your Honor.

24         *THE COURT:*  And that is -- and that calculation and

25  the motion are agreed to by Panalpina, Inc.; is that correct?

1        *MR. ERNEST:*  Yes, Your Honor.

2        *THE COURT:*  All right.  Do you understand that

3    according to the plea agreement that was entered into this

4    case, that by entering a plea of guilty that you will have

5    waived or given up your right to appeal all or any part of the

6    sentence that is imposed by this Court?

7        *MR. ERNEST:*  Yes, Your Honor.

8        *THE COURT:*  All right.  Do you understand that on

9    behalf of Panalpina, Inc., that the defendant has the right to

10   plead not guilty to the offense charged against them and to

11   persist in that plea?  And if they did so, they would have the

12   right to a trial by jury and at that trial they would be

13   presumed to be innocent and the government would have to prove

14   their guilt beyond a reasonable doubt.  And that Panalpina

15   would have the right to the assistance of counsel for their

16   defense and the right to see and hear all witnesses and have

17   them cross-examined in their defense and the right to decline

18   to provide any testimony or evidence unless they voluntarily

19   elected to do so in their own defense and the right to issuance

20   of subpoenas and other compulsory process to compel the

21   attendance of witnesses to testify in their defense.  And that

22   if they decided not to testify or provide any testify or

23   evidence, that that fact could not be used against them during

24   trial.

25       *MR. ERNEST:*  I understand that, Your Honor.

1          *THE COURT:*  Do you understand that by entering a plea

2    of guilty, that if that plea is accepted by this Court, that

3    there will be no trial by jury and the defendant will have

4    waived or given up the right to a trial by jury as well as any

5    of the other rights associated with the trial by jury that I

6    have described to you?

7          *MR. ERNEST:*  Yes, Your Honor.

8          *THE COURT:*  All right.  The charges to which you have

9    indicated you wish to enter a plea of guilty on behalf of

10   Panalpina, Inc., are as follows:  Under Count 1, conspiracy,

11   the elements of which are as follows:  First, that the

12   defendant and at least one other person made an agreement to

13   commit the crime of violating the books and records provision

14   of the Foreign Corrupt Practices Act as charged in the criminal

15   information.  Second, that the defendant knew of the unlawful

16   purpose of the agreement; third, that the defendant joined in

17   the agreement willfully, that is, with the intent to further

18   its unlawful purpose; and, fourth, that one of the conspirators

19   during the existence of the conspiracy knowingly committed at

20   least one of the overt acts described in the criminal

21   information in order to accomplish some object or purpose of

22   the conspiracy.

23          Under Count 2, aiding and abetting the creation

24   of false books and records, the elements of which are as

25   follows:  Aiding and abetting, first, that the offense of

1    violating the books and records provision of the Foreign

2    Corrupt Practices Act was committed by some person; second,

3    that the defendant associated with the criminal venture; third,

4    that the defendant purposefully participated in the criminal

5    venture; and, fourth, that the defendant sought by action to

6    make that venture successful.  In this instance the venture was

7    falsification of books and records.  The elements of which are

8    that a company was an issuer that was required to file reports

9    under federal law and to keep accurate books, records, and

10   accounts; and, second, that the issuer or an officer, director,

11   or employee of the issuer knowingly falsified its books,

12   records, and accounts.

13              Do you understand what the government is claiming

14   that Panalpina, Inc., has done to violate the law?

15              *MR. ERNEST:*  Yes, Your Honor.

16              *THE COURT:*  Did they commit these crimes?

17              *MR. ERNEST:*  Yes, Your Honor.

18              *THE COURT:*  Ms. Luck, would you please make a

19   representation of the facts that the government would be

20   prepared to prove if this case were to proceed to trial.

21              *MS. LUCK:*  Yes, Your Honor.  Had this matter proceeded

22   to trial, the government would have proven beyond a reasonable

23   doubt that the defendant, Panalpina, Inc., a New York

24   corporation with offices throughout the United States,

25   including an office here in Houston, Texas, through its

1    employees conspired and agreed and, in fact, did with its

2    customers' knowledge pay bribes on behalf of their customers

3    and for the benefit of themselves in Nigeria in order to secure

4    an improper advantage.

5              During the course of this and as charged in the

6    information, the defendant conspired, agreed, and did create

7    false documents in the form of invoices that were designed to

8    mask the true nature of the bribes that were paid on the

9    customers' behalf.  From approximately 2002 to 2007

10   approximately $27 million in bribes were paid to Nigerian

11   officials on behalf of customers, those customers who were

12   issuers, who were, in fact, a publicly-traded company --

13   publicly-traded companies located in the United States for the

14   purposes of securing an improper advantage.

15             Panalpina further assisted its customers who were

16   publicly-traded companies in creating false books and records.

17        *THE COURT:*  Okay.  Mr. Ernest, you've heard the facts

18   that the government has indicated it would be prepared to prove

19   against you if this case were to proceed to trial.  Having

20   heard those facts, sir, how do you now plead to the charges

21   pending against Panalpina, Inc., in this case, guilty or not

22   guilty, sir?

23        *MR. ERNEST:*  Guilty, Your Honor.

24        *THE COURT:*  Are you ready to sign the plea agreement

25   under oath at this time, sir?

1          MR. ERNEST:  Yes.

2          THE COURT:  All right.

3          THE CASE MANAGER:  Judge, the copy had already been

4    signed, the original.

5          THE COURT:  All right.

6          THE CASE MANAGER:  So, I'm just taking it and then

7    signing it myself saying that we accepted it today.

8          THE COURT:  Okay.

9          THE CASE MANAGER:  Raise your right hand, please.

10         Do you solemnly swear that you have read and

11   understand this plea agreement and you willingly signed this

12   plea agreement at this time, so help you God?

13         MR. ERNEST:  Yes.

14         THE COURT:  Then it is the finding of this Court in

15   the case of United States of America versus Panalpina, Inc.,

16   that the defendant is fully competent and capable of entering

17   an informed plea, that the defendant is aware of the nature of

18   the charges and the consequences of the plea, that the plea of

19   guilty is a knowing and voluntary plea supported by an

20   independent basis in fact containing each of the essential

21   elements of the offense.  The plea is therefore accepted and

22   the defendant, Panalpina, Inc., is now adjudged guilty of the

23   offenses charged in Counts 1 and 2 of the criminal information.

24         All right.  As the parties have waived the

25   preparation of the presentence investigation report and filed

1   an agreed motion to waive the presentence investigation report
2   and proceed directly to sentence, the Court will proceed
3   directly to sentencing at this time.

4              All right.  Ms. Luck, I already asked Mr. Ernest
5   on behalf of Panalpina, but the motion to waive the presentence
6   investigation report was an agreed motion between -- on both
7   the United States and Panalpina; is that correct?

8        MS. LUCK:  Yes, Your Honor.

9        THE COURT:  And the parties have proposed a
10   calculation of the offense level culpability score and the fine
11   range in the context of that motion; is that correct?

12        MS. LUCK:  Yes, Judge.

13        THE COURT:  Okay.  And both sides agree that those
14   would be the appropriate calculations for the Court to consider
15   with respect to the sentencing in this case?

16        MS. LUCK:  Yes, Judge.

17        THE COURT:  All right.  Then the Court adopts the
18   findings that are set forth in the parties' agreed motion to
19   waive the presentence investigation report with respect to the
20   counts at issue in the information Count 1 and Count 2, and
21   finds that the statutory range of punishment is a probation
22   term for both Counts 1 and 2 of one to five years; a fine range
23   on Count 1, $500,000 to twice the gross gain or loss; on Count
24   2, $25 million or twice the gross gain or loss; and a special
25   assessment of $400 per count for a total of $800.

1        Under the Sentencing Guidelines, based on a total

2   offense level of 36 and a culpability score of 8, provides for

3   a base fine range of 45,500,000 and a final calculated fine

4   range based on the applicable multipliers of 72,800,000 to

5   145,600,000.

6        Okay.  The government has filed a motion for

7   downward departure pursuant to Section 8C4.1 of the Sentencing

8   Guidelines.  Ms. Luck, do you want to say anything specific

9   with respect to the government's motion for downward departure?

10       *MS. LUCK:*  Other than to say, Your Honor, under 8C4.1

11   that the government does believe that this company did provide

12   a substantial assistance in our investigation of other

13   companies, three of which, in fact, did enter into deferred

14   prosecution agreements which were filed in this courthouse last

15   month.  And as a procedural and a housekeeping matter, Your

16   Honor, last night we e-mailed courtesy copies to the Court to

17   make sure that you had it.

18       *THE COURT:*  I did get it actually.

19       *MS. LUCK:*  Okay.  And I have a signed copy for filing

20   for the Court right now.

21       *THE COURT:*  Okay.  And, so, the recommendation then is

22   for the fine as to each of Counts 1 and 2 to be $70,560,000; is

23   that correct?

24       *MS. LUCK:*  Yes, Your Honor.

25       *THE COURT:*  Okay.  Then the government's motion for

1   downward departure is granted for the reasons set forth in the

2   motion.

3              All right.   Mr. Tween, would you like to say

4   anything on behalf of your client, please?

5         *MR. TWEEN:*   Your Honor, as to in general as to the

6   terms of the plea agreement or specifically with regards to the

7   fine?

8         *THE COURT:*   Anything at all.   It's your colloquy,

9   anything you would like to say.

10        *MR. TWEEN:*   Okay.   Your Honor, one thing I would like

11  to raise is that the plea agreement contemplates that the fine

12  be paid in four equal installments.

13        *THE COURT:*   Yes, sir.

14        *MR. TWEEN:*   One within ten days and the other on a

15  one-year anniversary, two-year anniversary, and a three-year

16  anniversary of today.

17        *THE COURT:*   Let me say something about that just so

18  you won't be caught off-guard by this when I say it at the

19  announcement of the sentence.   The final payment, the third

20  payment actually has to be paid on the day -- the fourth

21  payment, I mean to say, has to actually be paid the day before

22  the anniversary date of the sentencing.   That's because

23  under -- just the way it happens in our court, the term of

24  probation actually ends on the anniversary date of the

25  sentencing and so the final payment has to be paid the day

1    before.  So, today is December 7th.  So, the fourth payment

2    would actually have to be December the 6th.  I'm going to

3    actually be saying that in the context of the sentencing, but I

4    just wanted you to know that so that you didn't hear it for the

5    first time then and wonder what it was all about.

6          *MR. TWEEN:*  Understood.  And in connection with that,

7    Your Honor, we would also ask that Your Honor waive the payment

8    of any interest given that the plea agreement, as I said,

9    contemplates that the payout be made over three years.  We

10   would ask that the Court waive interest payments.

11         *THE COURT:*  Is there any objection to that by the

12   United States?

13         *MS. LUCK:*  No, Judge.

14         *THE COURT:*  All right.  Thank you.

15         *MR. TWEEN:*  Other than that, Your Honor, we would just

16   say that we agree with the government's motion for a downward

17   departure.  We think that the grounds are fair and accurate.

18   We think that the company has, in fact, provided substantial

19   assistance to the government in the investigation and

20   prosecution of other companies and individuals and that we

21   think that the recommended penalty when considered in context

22   with all of the other compliance obligations and reporting

23   obligations to the Department of Justice that the company is

24   undertaking are fair and reasonable and are an appropriate

25   disposition in this case.

1          *THE COURT:*  And the company has indicated its

2    willingness to adhere to the enhanced compliance obligations

3    with the Justice Department?

4          *MR. TWEEN:*  It has, Your Honor.

5          *THE COURT:*  All right.  Okay.  Mr. Ernest, would you

6    like to say anything on behalf of your client?

7          *MR. ERNEST:*  Yes, Your Honor.  Only to represent to

8    the Court that we are, in fact, a different company today than

9    we were when this conduct occurred.  Thank you.

10          *THE COURT:*  Okay.  Thank you.  I appreciate it.

11               Anything else from the United States, Ms. Luck?

12          *MS. LUCK:*  Again, one other housekeeping item, Your

13    Honor.  It's the sentencing data sheet.  Again, we sent a

14    courtesy copy.  I have an amended copy of the sentencing data.

15    I realized that there was an error in it, so that --

16          *THE COURT:*  Did you see that name?

17          *MS. LUCK:*  Yes.

18          *THE COURT:*  Okay.

19          *MS. LUCK:*  So, that has been corrected, and I've also

20    signed it again for filing.

21          *THE COURT:*  Okay.

22          *MS. LUCK:*  And I'm going to give that to the clerk.

23          *THE COURT:*  Perfect.

24          *MS. LUCK:*  Thank you.

25          *THE COURT:*  Anything else then from the United States?

1          *MS. LUCK:*  No, Judge.

2          *THE COURT:*  All right.  The Court will state the

3     sentence at this time.  The lawyers will have a final

4     opportunity to make any objections before the sentence is

5     finally imposed.

6                It is the judgment of this Court that the

7     defendant organization Panalpina, Inc., is hereby placed on

8     unsupervised probation for a term of three years as to each of

9     Counts 1 and 2, such terms to run concurrently for a total term

10    of probation of three years.

11               The defendant is before this Court today having

12    pled guilty to one count of conspiracy to violate the books and

13    records provision of the Foreign Corrupt Practices Act and one

14    count of aiding and abetting the creation of false books and

15    records under the Foreign Corrupt Practices Act.

16               The United States has filed a motion for downward

17    departure based on the defendant's substantial assistance and

18    has represented to the Court that the defendant has

19    substantially assisted the government in showing compliance

20    with the Foreign Corrupt Practices Act by this defendant as

21    well as providing substantial assistance with respect to other

22    violations outside of Panalpina, Inc.

23               The Justice Department has also satisfied itself

24    that the defendant can pay the fine -- the contemplated fine

25    that is proposed under the plea agreement and that a reasonable

disposition of this case is the payment of that fine over four
equal installments occurring -- the first occurring within the
next ten days and the next three over the next three years.
The Court believes that the punishment that is contemplated and
agreed to between the parties based on the Rule 11(c)(1)(C)
plea agreement is sufficient but not greater than necessary and
meets all of the sentencing objectives of punishment,
deterrence, and incapacitation in this case.

          While on probation, the defendant organization
Panalpina, Inc., shall not commit another federal, state, or
local crime; shall comply with the standard organizational
conditions that have been adopted by this Court; and shall
abide by any mandatory conditions required by law, including
the following additional conditions:  The defendant is to
adhere to enhanced compliance obligations with the Justice
Department.

          The defendant organization Panalpina, Inc., shall
pay a fine in the amount of $70,560,000 as to each of Counts 1
and 2, such fine to run concurrently for a total fine of
$70,560,000.

          Payment is to be made in four equal annual
installments as follows:  The first payment is due within ten
days of today.  The second and third payments are due on the
anniversary of this sentencing date, December 7th; and the
fourth payment is to be made on December 6th, the day before

1  the anniversary date of the sentencing and the day before the

2  probation term expires.

3                The interest payment on the fine will be waived,

4  as the plea agreement contemplated that the fine will be paid

5  over a course of three years.

6                In addition, the Court assesses a special

7  assessment of $400 per count for a total of $800 due and

8  payable immediately.

9                Ms. Luck, do you know of any reason why this

10  sentence should not be imposed as stated?

11          *MS. LUCK:*  No, Judge.

12          *THE COURT:*  Mr. Tween, do you know of any reason why

13  this sentence should not be imposed as stated?

14          *MR. TWEEN:*  No, Your Honor.

15          *THE COURT:*  Then the sentence is imposed as stated.

16                Mr. Ernest, you may appeal your conviction -- the

17  conviction of Panalpina if you think that the plea was somehow

18  unlawful or involuntary or if you think there was some other

19  fundamental defect in the proceedings that was not waived.

20  However, in the context of this plea agreement, Panalpina

21  agreed to waive their right to appeal.  Those wavers are

22  generally enforceable.  If you think that your waiver is

23  unenforceable for some reason, you can present that theory to

24  the Court of Appeals.  With few exceptions, any notice of

25  appeal must be filed within ten days of the date that judgment

```
 1   is entered in this case.  Do you understand me, sir?

 2              MR. ERNEST:  Yes.

 3              THE COURT:  Is there anything else from the United

 4   States?

 5              MS. LUCK:  No, Your Honor.

 6              THE COURT:  Anything else from the defense?

 7              MR. TWEEN:  No, Your Honor.

 8              THE COURT:  All right.  That's it.  Thank you guys.

 9              MR. TWEEN:  Thank you, Your Honor.

10              MS. LUCK:  Thank you, Your Honor.

11         (Concluded at 10:39 a.m.)

12                              *  *  *

13   I certify that the foregoing is a correct transcript from the

14   record of proceedings in the above-entitled cause, to the best

15   of my ability.

16

17   /s/ Kathy L. Metzger                      12-14-10
     Kathy L. Metzger                      Date
18   Official Court Reporter

19

20

21

22

23

24

25
```